UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                 :

JULIE A. HARRELL,                 :

                           :

                  Plaintiff,     :

                           :

-v.-                             :

                           :

ROBERT VAN DER PLAS, et al.,  :

                           :

                  Defendants.  :

                           :

---------------------------------------------------------------x

08 Civ. 8252 (GEL)

**OPINION AND ORDER**

David Atlas, Hernstadt Atlas LLP, New York, New York, for plaintiff.

Philip R. Green, Law Offices of Green & Green, San Rafael, California, for defendants.

GERARD E. LYNCH, District Judge:

      Plaintiff commenced this action on September 25, 2008, alleging that defendants violated her rights under the Copyright Act by republishing and selling copies of one of her books without the necessary authorization. On May 27, 2009, defendants served plaintiff with a written offer of judgment pursuant to Federal Rule of Civil Procedure 68. (Atlas 6/3/09 Ltr. at 1 & Ex. A.) The offer provided for judgment to be taken against defendants "in the sum of $7,500," and required defendants to return all remaining copies of plaintiff's book, with the exception of five copies that would be retained for archival purposes. (Id. Ex. A)

      On June 2, 2009, plaintiff served defendants with written notice of her acceptance of the offer. (Id. at 1 & Ex. B.) The acceptance stated that "[n]otice is hereby given that plaintiff Julie A. Harrell . . . accepts the offer of defendants . . . to allow entry of judgment against them pursuant to Rule 68 . . . , as described in [the] Rule 68 Offer of Judgment served upon plaintiff

by defendants, dated May 27, 2009." (Id. Ex. B.) The acceptance further "request[ed] that the Clerk [of the Court] enter judgment in favor of plaintiff and against defendants as follows: (1) In the amount of $7,500, with costs, including reasonable attorneys' fees, to be set by the Court upon application of plaintiff." (Id.)

After receiving notice that plaintiff intended to move for an award of costs and attorney's fees separate from the $7,500 provided for in the offer of judgment, defendants served plaintiff with an amended offer "to clarify and eliminate confusion from the terms [defendants were] offering, and [to make clear that defendant had no intention of] paying more than the $7500 judgment." (Green 6/8/09 Ltr. at 2; see also id. Ex. 2.)

The parties now seek the Court's guidance as to whether there is a binding settlement agreement and whether any such agreement precludes plaintiff from making an additional application for costs. According to defendants, because plaintiff's acceptance proposed terms not contained in the offer, it failed to provide the mutual assent needed to create a binding agreement. (Id at 2.) Defendants further argue that the offer of judgment should not be construed to permit a separate application for costs because plaintiff was well aware that defendants were "not in a good economic position" and therefore "could not pay more than what was offered in settlement." (Id. at 1.) Finally, defendants contend that plaintiff cannot be awarded attorney's fees because this is a contract dispute and there is no underlying statutory provision that permits attorney's fees to be included in an award of costs. (Id. at 3-4.)

In response to defendants' claims, plaintiff argues that once accepted, an offer of judgment cannot be revoked, and any attempt by defendants to amend or withdraw their offer of judgment should therefore not be given effect. (Atlas 6/10/09 Ltr. at 1.) Plaintiff further argues that courts strictly construe the language of an offer of judgment against the offeror without any

2

inquiry into the parties' subjective knowledge or intent. (Id.) Accordingly, she contends that

because the offer of judgment is silent on the issue of costs, and because the Copyright Act

permits attorney's fees to be included as a component of costs, nothing precludes her from

making a separate application for costs, including reasonable attorney's fees. (Id. at 1-2.)

Because defendants' position is contrary to applicable law, the offer of judgment will be

enforced and plaintiff will be permitted to make a separate application for costs.

Federal Rule of Civil Procedure 68 states:

> More than 10 days before the trial begins, a party defending
> against a claim may serve on an opposing party an offer to allow
> judgment on specified terms, with the costs then accrued. If,
> within 10 days after being served, the opposing party serves
> written notice accepting the offer, either party may then file the
> offer and notice of acceptance, plus proof of service. The clerk
> must then enter judgment.

Fed. R. Civ. P. 68(a). In Marek v. Chesny, 473 U.S. 1 (1985), the Supreme Court noted that "[i]f

[a Rule 68] offer recites that costs are included or specifies an amount for costs, and the plaintiff

accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs

are included and an amount for costs is not specified, the court will be obliged by the terms of

the Rule to include in its judgment an additional amount which in its discretion it determines to

be sufficient to cover the costs." Id. at 6 (citation omitted). Applying this principle, courts in

this circuit have held that where an offer of judgment is silent on the issue of costs, a plaintiff

may seek an award of costs separate from the award contained in the offer. See, e.g., Rivera v.

Corporate Receivables, Inc., 540 F. Supp. 2d 329, 334 (D. Conn. 2008); Sas v. Trintex, 709 F.

Supp. 455, 457-58 (S.D.N.Y. 1989) (rejecting defendant's claim that "plaintiff's counsel knew

that the offer of judgment was intended to be a total figure, including costs and attorney's fees,"

and concluding that because the offer of judgment did not state that it included costs, "plaintiff,

3

as prevailing party, [was] entitled to obtain his costs, including attorney's fees").[1]  Accordingly, defendants' offer of judgment, which is silent on the issue of costs, will not be interpreted to preclude plaintiff from seeking an award of costs separate from the $7,500 provided for in the offer of judgment.

Although defendants contend that the offer of judgment itself is null and void for lack of mutual assent, this argument is wholly unpersuasive.  As discussed above, where an offer of judgment fails to specify that it is inclusive of costs, a plaintiff is entitled to an additional amount sufficient to cover such costs.  Consequently, plaintiff's acceptance – which requests that judgment be entered in her favor for $7,500 plus an additional amount for costs – cannot be said to have altered the terms of the offer such that there was no "meeting of the minds."

In the face of plaintiff's valid acceptance, defendants have offered no compelling justification for revocation.[2]  Under these circumstances, plaintiff's written acceptance of defendants' offer of judgment is binding, and nothing defendants may have done following that acceptance – including their submission to plaintiff of an amended offer of judgment – alters that fact.

---

[1] Courts in other circuits have also reached this conclusion.  See, e.g., Webb v. James, 147 F.3d 617, 622 (7th Cir. 1998); Garcia v. Oasis Legal Fin. Operating Co., 608 F. Supp. 2d 975, 978-79 (N.D. Ill. 2009); Said v. Virginia Commonwealth Univ./Med. College of Virginia, 130 F.R.D. 60, 63-64 (E.D. Va. 1990); Shorter v. Valley Bank & Trust Co., 678 F. Supp. 714, 719-21 (N.D. Ill. 1988).

[2] While the Second Circuit has not determined whether and to what extent Rule 68 offers are revocable, it has held that such offers are to be "construed according to ordinary contract principles."  Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir. 1992).  Even assuming that a Rule 68 offer is revocable, defendants have not shown that the facts of this case warrant such an outcome.  Under "ordinary contract principles," an offer may not be revoked after acceptance, see Restatement (Second) of Contracts § 42 cmt. c (1981), and as noted above, plaintiff accepted without reservation defendants' offer, which as a matter of law must be read as exclusive of costs.

Any suggestion by defendants that resolution of this dispute requires the Court to assess plaintiff's subjective understanding of the terms of the offer of judgment is also misguided. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek, 473 U.S. at 5. "To subject Rule 68 offers to . . . collateral proceedings [regarding a defendant's intentions in making an offer or a plaintiff's assumptions in accepting it] would undermine . . . [that] purpose." Sas, 709 F. Supp. at 458. Moreover, because "a Rule 68 offer has a binding effect when refused as well as when accepted," Boorstein v. City of New York, 107 F.R.D. 31, 34 (S.D.N.Y. 1985), a plaintiff is entitled to adhere strictly to the language of the offer to eliminate any ambiguity in its terms. See, e.g., id.; Webb, 147 F.3d at 621; Shorter, 578 F. Supp. at 719-20. As the language in defendants' offer of judgment says nothing about costs, plaintiff's assumption that the $7,500 offer was exclusive of costs was entirely reasonable.

For the foregoing reasons, the offer of judgment will be enforced and plaintiff will be permitted to make a separate application for costs. Addressing the merits of any such application would be premature at this juncture. However, it should be noted that, as a general rule, "costs" are relatively modest. While a Rule 68 award of costs may include reasonable attorney's fees if the underlying statute permits such fees as part of the costs allowed to a prevailing party, see Marek, 473 U.S. at 9, plaintiff's entitlement to such an enhanced award remains unclear. The Copyright Act does provide for attorney's fees "as part of the costs" a prevailing party may be awarded. 17 U.S.C. § 505; see also Adsani v. Miller, 139 F.3d 67, 71 (2d Cir. 1998). However, defendants contend that this is a simple breach of contract – and not a copyright – case. Even if this is a copyright case, because the Copyright Act permits, but does not require, reasonable attorney's fees to be included in an award of costs, it is far from clear that a discretionary award of fees would be appropriate. Accordingly, it is hereby ordered that:

5

1.    Judgment shall be entered in favor of plaintiff in the amount of $7,500.

2.    Defendants are directed to turn over to plaintiff all remaining copies of the book
entitled *A Woman's Guide to Bikes and Biking* in their possession, custody or
control, with the exception of five copies that may be retained for their archive.

3.    If plaintiff seeks an award of costs, including reasonable attorney's fees, she is
directed to file a properly supported application setting forth the basis for an
award and documenting the fees sought by July 6, 2009.  The deadline for receipt
of this application will not be extended.

4.    In order to keep litigation costs in check, defendants are neither required nor
permitted to file a response until and unless directed by the Court.  No award of
fees will be made without an opportunity for defendants to address plaintiff's
application.

5.    Defendants' motion to compel arbitration (Dkt. #27) and plaintiff's motion to stay
arbitration (Dkt. #38) are denied as moot.  Accordingly, the Clerk of the Court is
respectfully requested to terminate these motions.

SO ORDERED.

Dated: New York, New York
       June 19, 2009

GERARD E. LYNCH
United States District Judge

6